Jernee v. Jernee.

WILLIAM R. JERNEE, appellant,

v.

ABBIE N. JERNEE, respondent.

When a party is committed by an order in equity for the non-payment of alimony, or fine and costs, the amounts must be specified in the commitment.

On appeal from an order advised by Vice-Chancellor Bird.

*Mr. Willard P. Voorhees,* for the appellant.

*Mr. Amzi D. Taylor,* for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

This is an appeal in the course of a proceeding for divorce. The appellant, having been committed for contempt on account of his failure to pay alimony as directed, made a motion to be discharged from such imprisonment, and it is the refusal of such application that forms the subject for review by this court.

The warrant of commitment thus challenged was directed to the sheriff of the county of Middlesex, and after the usual recitals, contained the order following, viz. :

"Therefore, we command you that you take the body of the said William R. Jernee, and him safely and closely keep in your custody in the common jail of the county of Middlesex until he shall have paid to the said complainant the alimony now due her, and the costs of such contempt to be taxed, and also a fine ($5) for the use of the state, together with the costs of this writ, or until our said court shall make order to the contrary" &c.

On the hearing of the motion to discharge the defendant, as above mentioned, it was urged before his honor the vice-chancellor who sat on that occasion, that this commitment was fatally defective, inasmuch as neither it nor the order that authorized

42

it, specified the amount of the alimony to be paid, nor the sum of the costs. The complaint was that the appellant was committed to jail until he should pay a sum of money that was not fixed.

In denying the motion the court expressed the view that it was the proper practice in such cases for the party to secure his discharge by an application to the court, upon satisfying the court that he had purged his contempt.

No precedent for such a course has been produced or found. Such a procedure would be dilatory, oppressive and absolutely without usefulness. The punishment for the contempt has already been determined and announced, and the method of purgation has also been made known. Why should the contemner be again set before the court? The only result would be a reiteration of the existing mandate to pay the fine, the alimony and the costs, and then go free. Besides, this recurrence to the court is inconsistent with the command of the writ, which did not direct the bringing in the appellant for further judgment, but simply his imprisonment until he had paid certain moneys. There was no order that he should be confined until he should be again placed before the chancellor, and his imprisonment for such a purpose would, therefore, have been obviously illegal.

Nor is the practice that was adopted by the vice-chancellor in any respect in harmony with the nature of the writ of commitment as it existed in this case. That process was not in use to vindicate the power of the court or to punish a disrespect towards it when exercising its judicial functions. On the contrary, its sole purpose was to enforce the right that had been adjudged in favor of the respondent in this appeal, and such a writ is, in substance, not to be distinguished from a *capias ad satisfaciendum* founded on a judgment at law. There seems to be no good reason why the moneys to be levied by them respectively should not be definitely stated as well in the one case as in the other.

Our conclusion is that the appellant was entitled to a discharge from imprisonment upon the payment by him of the alimony, fine and costs, and that to effectuate that right it was necessary

that the amounts so to be paid should have been specified in the warrant of commitment. There being a defect in this particular, the decree before us must be reversed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GUM-MERE, LIPPINCOTT, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, NIXON—10.

*For affirmance*—None.